## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID A. LUSTER,     :
            :
    Petitioner,    :
            :
  v.         :  No.: 4:17-CV-684
            :
WARDEN ODDO,     :  (Judge Brann)
            :
    Respondent.   :

## MEMORANDUM OPINION

## MAY 25, 2017

## I.  Background

David A. Luster, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Allenwood Warden L. J. Oddo. The required filing fee has been paid.

Petitioner states that he was indicted by a grand jury in the United States District Court for the Middle District of Georgia on a charge of aggravated bank robbery. He was subsequently convicted of that offense and is presently serving a sentence which was imposed on April 1, 2004. *See* Doc. 1, ¶ 4. Luster acknowledges that he neither pursued a direct appeal nor previously sought

collateral relief with the sentencing court via a petition pursuant to 28 U.S.C. § 2255.

Luster's pending action challenges the legality of the underlying indictment on the basis that it "did not explicitly express the essential facts of the citation movant was alleged to have violated." *Id.*, ¶ 6. The petition contends that the landscape of the law with respect to his pending argument has substantively changed as a result of the principles announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[1] *Alleyne v. United States*, 133 S.Ct. 2151 (2013),[2] and *Johnson v. United States*, 135 S. Ct 2551 (2015) and he cannot satisfy the gatekeeping provisions of § 2255.[3]

Petitioner indicates that his underlying criminal indictment did not provided adequate notice of charged crime because it failed to expressly mention use, attempted use, threatened use of physical force in seeking an enhanced sentence under the Armed Career Criminal Act (ACCA). *See id.* at ¶ 13.

---

[1] *Apprendi* recognized that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

[2] *Alleyne* held that any fact that increases the mandatory minimum sentence is an element which must be presented to the jury and proven beyond a reasonable doubt.

[3] *Johnson* recognized that imposing an enhanced under the ACCA's residual clause violated the constitutional right to due process.

## II. Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." *Gorko v. Holt,* 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claims of an improperly enhanced sentence via a § 2241 petition. It would appear that it is Luster's contention that this Court

has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Allenwood.

When challenging the validity of a federal sentence and not its execution,[4] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997); *Russell v. Martinez*, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. *Dorsainvil*, 119 F.3d at 251; *Russell*, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002).

---

[4] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005).

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. *See also, Alexander v. Williamson*, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his 2004 sentence which was imposed by the Middle District of Georgia. Thus, he must do so by following the requirements of § 2255. As previously noted, there is no indication by Petitioner that he either filed a direct appeal or previously sought relief via a § 2255 action. Luster's instant claims are not based upon a contention that his conduct is no longer criminal as a result of some change in the law. Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding.

As recognized by the Honorable Kim R. Gibson in *Pollard v. Yost*, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute, which change rendered what had been thought to

be criminal within the ambit of the statute, no longer criminal."

The United States Court of Appeals for the Third Circuit has recognized that no Supreme Court of the United States case specifically holds that *Apprendi* is retroactive on collateral review. *In Re: Turner*, 267 F.3d 225, 231 (3d. Cir. 2001); *see also, Reaves v. Warden U.S.P. Lewisburg*, Civil No. 3:CV-01-1149, 2002 WL 535398 * 6 (M.D. Pa. March 22, 2002)(Conaboy, J.); *Sustache-Rivera v. United States*, 221 F.3d 8, 15 (1st Cir. 2000)( Supreme Court has not recognized that *Apprendi* may be applied retroactively). Similarly, the Third Circuit has held that *Alleyne* cannot be retroactively applied to cases on collateral appeal. *See United States v. Winkelman*, 746 F. 3d 134, 136 (3d Cir. March 26, 2014). However, it has been held that *Johnson* is a new substantive rule of constitutional law that is retroactively applicable in a collateral attack on a final conviction. *See Welch v. United States*, __ U.S. ___, 136 S. Ct. 1257 (2016).

Based upon Petitioner's representations, the sentencing court has not been afforded the opportunity to address the validity of his pending *Johnson* based argument. This Court agrees with the approach taken by *Wood v. Maiorana*, 2015 WL 4663267 *4 (M.D. Pa. Aug. 6, 2015)(Caputo, J.) and *Ruiz v. Ebbert*, 2015 WL 5997105 (M.D. Pa. Oct. 14, 2015)(Conaboy, J.) which recognized that since § 2255 plainly provides an avenue for litigating the merits of a *Johnson* based

sentencing claim, such an argument should be addressed by the court which is ultimately the most appropriate forum, i.e. the sentencing court. Considering the recent decision of *Welch* regarding the retroactivity of *Johnson*, together with the fact that Petitioner did not file a direct appeal or previously seek relief under § 2255, this Court will likewise take the approach suggested by *Wood*.

## III.  Conclusion

Pursuant to the above discussion this matter will be transferred to the Middle District of Georgia for consideration by the sentencing court. It is noted that transferring this matter also protects the Petitioner's rights as a *pro se* litigant as it precludes any adverse consequences which might occur if this matter was simply dismissed without prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge