IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID ANTOINE LESTER, :
:
Petitioner, :
:
vs. :
: CIVIL ACTION NO. 5:17-CV-201 (MTT)
Warden L. J. ODDO, :
:
Respondent. :
:

## ORDER

Petitioner DAVID ANTOINE LUSTER, an inmate confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania, paid the $5.00 filing fee and filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania. Doc. 1. That Court transferred his case to the Middle District of Georgia. Docs. 4, 5. After reviewing the petition and Luster's litigation history, the Court determines that the action must be DISMISSED for lack of jurisdiction.

### I. CURRENT 28 U.S.C. § 2241 PETITION AND TRANSFER TO THIS COURT

In his petition, Luster stated that he was convicted and sentenced in the United States District Court for the Middle District of Georgia, but the indictments in his various criminal cases failed to "explicitly express the essential facts of the citation [he] was alleged to have violated." Doc. 1 at 1, 2. He claimed the indictments failed to provide adequate notice of the charged crimes because they failed to allege "use, attempted use, [or] threatened use of physical force when seeking an enhancement under § 924(c)(1)(A)." Doc. 1 at 6. Luster stated this argument would have been considered

"frivolous" before the "landscape of the law" was substantially changed by four Supreme Court decisions: *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Johnson v. United States*, 559 U.S. 133 (2010); *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Johnson v. United States*, 135 S. Ct. 2551 (2015). Doc. 1 at 4.

Luster also declared under penalty of perjury that he had never filed a direct appeal from his criminal conviction or sentence, Doc. 1 at 2; that he had never filed a motion under 28 U.S.C. § 2255 challenging his conviction or sentence, Doc. 1 at 4; and that he had never filed a motion in a United States Court of Appeals seeking permission to file a second of successive § 2255 motion, Doc. 1 at 4.

Based on these statements and representations, the District Court for the Middle District of Pennsylvania determined that

> the sentencing court has not been afforded the opportunity to address the validity of [Luster's] pending *Johnson* based argument. . . . [S]ince § 2255 plainly provides an avenue for litigating the merits of a *Johnson* based sentencing claim, such an argument should be addressed to the court which is ultimately the most appropriate forum, i.e. the sentencing court. Considering the recent decision of *Welch [v. United States*, 136 S. Ct. 1257 (2016)], regarding the retroactivity of *Johnson*, together with the fact that Petitioner did not file a direct appeal or previously seek relief under § 2255, this Court . . . transfer[s] [the case] to the Middle District of Georgia for consideration by the sentencing court.

Doc. 4 at 6-7.

## II. CONVICTION AND PREVIOUS LITIGATION IN THIS COURT

Luster's petition is now before this Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides that

> [t]he clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4 is applicable to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

Luster was charged in five separate indictments with eight counts of bank robbery and five counts of carrying a firearm during a crime of violence. See *United States v. Luster*, 5:03-cr-52-CAR (M. D. Ga.); *United State v. Luster*, 5:03-cr-98-CAR (M.D. Ga.); *United States v. Luster*, 5:03-cr-99-CAR (M.D. Ga.); *United States v. Luster*, 5:03-cr-100-CAR (M.D. Ga.); *United States v Luster*, 5:03-cr-105-CAR (M.D. Ga. ). On April 1, 2004, he pled guilty to eight counts of bank robbery and two counts of using or carrying a firearm during a crime of violence, and he is currently serving a total of 535 months in prison. Docs. 44, 47, 80 in *United States v. Luster*, 5:03-cr-52-CAR (M. D. Ga. Sept. 9, 2009).

Contrary to Luster's misrepresentations in the § 2241 petition, he did appeal, and the Eleventh Circuit affirmed his conviction and sentence on January 10, 2005. Doc. 56 in *United States v. Luster*, 5:03-cr-52-CAR (M. D. Ga. Feb. 9, 2005). Also, contrary to his misrepresentations, Luster has filed at least five 28 U.S.C. § 2255 motions challenging his conviction or sentence. Docs. 57, 104, 110, 113, and 119 in *United States v. Luster*, 5:03-cr-52 (M. D. Ga.). His most recent, filed October 25, 2016, is still pending. Doc. 119 in *United States v. Luster*, 5:03-cr-52-CAR (M.D. Ga. October 25, 2016). Also contrary to Luster's misrepresentations,[1] he has, on numerous occasions, requested the Eleventh Circuit to authorize the district court to consider a second or successive § 2255

---

[1] The Court notes that Luster submitted a declaration signed under penalty of perjury stating that he had read his § 2241 petition and "the information in this petition is true and correct." (Doc. 1 at ). The procedural history set forth in this Order shows this is not the case. Luster should be aware that false statements to the Court may result in sanctions, up to and including prosecution for perjury. 18 U.S.C. § 1621; *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (affirming perjury conviction where § 2255 movant knowingly misrepresented that he had not filed a previous § 2255 motion).

motion. His criminal docket currently shows eight orders from the Eleventh Circuit denying these request. Docs. 102, 112, 116, 117, 121, 122, 125, and 127 in *United States v. Luster*, 5:03-cr-52 (M. D. Ga.).

### III. THIS COURT'S LACK OF JURISDICTION

As the District Court for the Middle District of Pennsylvania recognized, collateral attacks on the validity of a federal conviction or sentence must generally be raised in a motion brought under 28 U.S.C. § 2255. Doc. 4 at 4-7; *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). But, if this Court treats Luster's current petition as a motion under § 2255, it does not have jurisdiction because the Eleventh Circuit has not granted Luster permission to file a second or successive § 2255 motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A).

This Court also does not have jurisdiction to consider a § 2241 petition for two reasons. First, the Court does not have jurisdiction over L. J. Oddo, the warden at Allenwood United States Penitentiary in White Deer, Pennsylvania. *See Rumsfield v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.").

Second, the Eleventh Circuit recently overruled its prior precedents and established a new test for determining when a prisoner can proceed with a § 2241 petition. *McCarthan v. Dir. of Goodwill Indus.-Suncoast*, 851 F.3d 1076 (11th Cir. 2017) (en banc). The saving clause in 28 U.S.C. § 2255(e) allows a § 2241 petition when a motion under § 2255 is "inadequate or ineffective to test the legality of . . . detention." After *McCarthan*, the only consideration is whether the prisoner could have brought the

type of claim he is raising in his § 2241 petition in a motion to vacate under § 2255. *McCarthan*, 851 F.3d at 1089. If he could have raised the claim in a § 2255 motion, the district court does not have jurisdiction to consider the claim in a § 2241 petition. *Id.*; *Williams v. Warden*, 713 F.3d 1332, 1338 (11th Cir. 2013) ("[W]e are compelled to conclude that the saving[] clause is a limitation on jurisdiction."), *overruled on other grounds by McCarthan*, 851 F.3d at 1096. "[A]ny 'cognizable claim' that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*." *Donaldson v. Warden, FCI Coleman Medium*, 2017 U.S. App. LEXIS 6591, at *2 (11th Cir. 2017) (quoting *McCarthan*, 851 F.3d at 1089). The Eleventh Circuit specifically held "that a change in caselaw does not make a motion to vacate a prisoner's sentence 'inadequate or ineffective to test the legality of his detention.'" *McCarthan*, 851 F.3d at 1080 (quoting 28 U.S.C. § 2255(e)). Because Petitioner's claims "could have been brought in a § 2255 motion to vacate, he has not met [the Eleventh Circuit's] requirements for the § 2255(e) saving clause necessary to bring a § 2241 petition."[2] *Donaldson*, 2017 U.S. App. LEXIS 6591 at *2.

---

[2] Not only **could** Luster bring his claims in a motion to vacate under § 2255, he **did bring** these claims in his previous § 2255 motions and his applications to the Eleventh Circuit seeking permission to file second or successive § 2255 motions. See *United States v. Luster*, 3:05-cr-52 (M.D. Ga.) at Docs. 102 at 2 ("Luster asserts that both his claims rely upon a new rule of constitutional [law], the Supreme Court's decision in *Alleyne v United States* . . . ."); Doc. 110 at 1 (Petitioner "moves this Court to set aside the judgment in this case and correct his sentence . . . in light of . . . *Johnson v. United States* . . . ."); Doc. 112 at 2 ("Luster asserts that both his claims rely upon a new rule of constitutional law as set out in *Johnson v. United States* . . . ."); Doc. 113 at 1 (Petitioner seeks review based on *Johnson v. United States*), 116 at 2 ("Luster asserts his claims rely upon *Johnson v. United States* . . . ."); Doc. 117 at 3 ("Luster's *Johnson*-based claims must be dismissed because he raises the same claims in the instant application that were raised and rejected in his prior applications."); Doc. 119 at 1 ("Motion to vacate plea, set aside or remand due to intervening change in law under *Johnson v. United States* . . . ."); Doc. 121 at 2 ("Luster asserts each of his three claims rely upon Johnson v. United States . . . ."); Doc. 122 at 2 ("Luster asserts each of his two claims rely upon *Johnson v. United States* . . . ."); Doc. 125 at 2 ("Luster asserts each of his claims rely upon *Johnson v. United States* . . . ."); and Doc. 127 at 2 ("Luster assets that his claim relies on *Johnson v. United States* . . . .").

For these reasons, this Court does not have jurisdiction to consider Luster's § 2241 petition, regardless of whether it is construed as a motion brought under 28 U.S.C. § 2255 or a petition filed under § 2241.[3] The action is, therefore, **DISMISSED** for lack of jurisdiction.

**SO ORDERED**, this 7th day of June, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] A dismissal for lack of subject matter jurisdiction does not constitute a final order for purposes of 28 U.S.C. § 2254(c). *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). Instead, it is a "final decision" under 28 U.S.C. § 1291. *Id.* The Court, therefore, need not address whether a certificate of appealability should issue. *Id.*; *Bolin v. Sec'y Fla. Dep't of Corr.*, 628 F. App'x 728 730 (11th Cir. 2016).