**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **DAVID ANTOINE LUSTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-201 (MTT) |
| | ) |
| Warden L.J. ODDO, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Petitioner has filed an application to appeal in forma pauperis. (Doc. 13). After reviewing the record, the Court enters the following Order.

On June 7, 2017, this Court dismissed Petitioner's petition for writ of habeas corpus because Petitioner failed to obtain leave from the Eleventh Circuit to file a second or successive habeas petition. Doc. 8; 28 U.S.C. § 2244(b)(3)(A). Judgment was entered on June 8, 2017. Doc. 9. He seeks to appeal his judgment.

Applications to appeal in forma pauperis are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24. 28 U.S.C. § 1915 (a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>     (A) shows . . . the party's inability to pay or to give security for fees and costs;
>     (B) claims an entitlement to redress; and
>     (C) states the issues that the party intends to present on appeal.

(2) If the district court denies the motion, it must state its reasons in writing.

Thus, the Court must make two determinations when faced with an application to proceed in forma pauperis. First, it must determine whether the petitioner is financially able to pay the filing fee required for an appeal. Petitioner's application and certified trust fund account in this case indicates that he is unable to pay the $505 appellate filing fee.

Next, the Court must determine if the petitioner has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The petitioner demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *Morris v. Ross*, 664 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the petitioner 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

Although Petitioner has not submitted a statement of the issues he intends to appeal, as is required under Fed. R. App. P. 24(a)(1)(C), this Court's independent review of the record demonstrates that Petitioner's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v.*

*Clinton*, 209 F.3d 1025 (7th Cir. 2000) (explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed" instead of requiring a statement from the petitioner). Petitioner has filed at least five previous habeas petitions challenging his 2004 conviction/sentence. Doc. 8 at 3. Petitioner did not obtain leave from the Eleventh Circuit before he filed the current petition. This Court, therefore, did not have subject matter jurisdiction to entertain his petition and dismissed the petition without prejudice. *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004). There are no issues with arguable merit for Petitioner to raise on appeal and the appeal, therefore, is not taken in good faith.

Consequently, Petitioner's application to appeal in forma pauperis (Doc. 13) is **DENIED**.

**SO ORDERED**, this 11th day of August, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL  
UNITED STATES DISTRICT COURT